IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

        Plaintiff,

        v.                                                                                                    Civ. No. 25-78 JFR/SCY

THE UNKNOWN HEIRS, DEVISEES, OR
LEGATEES OF CLARA MAY DAVES,
deceased, and of LUTHER WAYNE DAVES,
deceased; DARLASKA M. CAMMACK;
BRIAN W. CAMMACK; THE CITY OF
ALBUQUERQUE; and OCCUPANTS WHOSE
TRUE NAMES ARE UNKNOWN, IF ANY,

        Defendants.

## ORDER DENYING WITHOUT PREJUDICE
## MOTION FOR SERVICE BY PUBLICATION

Plaintiff United States filed a Motion for Service by Publication, Doc. 13, requesting an order permitting service by publication on the defendants:

- The unknown heirs, devisees, or legatees of Clara May Daves, deceased, and of Luther Wayne Daves, deceased;

- Darlaska M. Cammack;

- Brian W. Cammack;

- The City of Albuquerque; and

- Occupants Whose True Names Are Unknown, If Any.

Doc. 13 at 1. The motion recites that "plaintiff United States of America has been unable to ascertain the whereabouts of the defendant." *Id.*

The United States relies on the authority of 28 U.S.C. § 1655, which provides that: "where any defendant cannot be served within the State, or does not voluntarily appear, the court may order the absent defendant to appear or plead by a day certain." The Court denies the motion

because the United States has not shown that these defendants cannot be served within the state and has not established that they have declined to voluntarily appear.

Federal Rule of Civil Procedure 4 authorizes service on an individual by methods permitted by state law in the state where the district court is located. Fed. R. Civ. P. 4(e)(1). Under the New Mexico Rules of Civil Procedure, service by publication may be permitted "[u]pon motion, without notice, and showing by affidavit that service cannot reasonably be made as provided by this rule." NMRA 1-004(J). The United States has not provided an affidavit and so has not met the requirement of showing by affidavit that service cannot reasonably made by means under New Mexico's service of process rule other than publication.

Further, service by publication is "a last resort," proper "if and only if the names and addresses of the defendants to be served are not reasonably ascertainable" and it is not "feasible to give notice to the defendant in some manner more likely to bring the action to his attention." *T.H. McElvain Oil & Gas Ltd. P'ship v. Grp. I: Benson-Montin-Greer Drilling Corp.*, 2017-NMSC-004, ¶¶ 26, 28, 31 (2016) (cleaned up). Here, it appears that the names and addresses of the defendants to be served are reasonably ascertainable and that it is feasible to give notice to the defendants in some manner more likely to bring the action to their attention. First, consider Defendants Darlaska M. Cammack and Brian W. Cammack. The record indicates they have appeared via counsel and disclaimed an interest in the subject property. Docs. 10 & 11. The United States does not explain the need to serve them by publication when they voluntarily appeared in the case. Therefore, service by publication on these parties is not authorized by either 28 U.S.C. § 1655 (providing for other means of service "where any defendant . . . does not voluntarily appear") or the New Mexico service-by-publication rule, as these parties can presumably be reached through their attorney.

Next, consider the City of Albuquerque. The record indicates the City was served via personal service on the city clerk on February 3, 2025. Doc. 9. The United States does not explain why this process was inadequate to serve this defendant within the state. Further, even if the record did not indicate that the United States already served the City, the United States has not established, and would be hard-pressed to establish, that service by publication is the only feasible means to bring this action to the attention of the City of Albuquerque. Thus, again, neither 28 U.S.C. § 1655 (providing for other means of service "where any defendant cannot be served within the State") nor the New Mexico service-by-publication rule would permit service by publication on the City of Albuquerque.

Finally, as for the unknown parties at issue in the motion, under the New Mexico service-by-publication rule, the United States must show that "the names and addresses of the defendants to be served are not reasonably ascertainable." *T.H. McElvain Oil*, 2017-NMSC-004, ¶ 21. To do so, the United States must file an affidavit outlining the efforts it made to ascertain the identities and addresses of the unknown defendants.[1] Before venturing down this path, however, the United States should consider whether the federal rule it relies on—28 U.S.C. § 1655—

---

[1] If the United States demonstrates that service on the unknown individuals by publication is justified, NMRA 1-004(K)(4) appears to provide language that must be provided in the publication. This rule provides:

> In actions to quiet title or in other proceedings where unknown heirs are parties, notice shall be given to the "unknown heirs of the following named deceased persons" followed by the names of the deceased persons whose unknown heirs are sought to be served. As to parties named in the alternative, the notice shall be given to "the following named defendants by name, if living; if deceased, their unknown heirs" followed by the names of the defendants. As to parties named as "unknown claimants", notice shall be given to the "unknown persons who may claim a lien, interest or title adverse to the plaintiff" followed by the names of the deceased persons whose unknown claimants are sought to be served.

NMRA 1-004(K)(4).

authorizes service by publication on "unknown heirs", as some courts have held it does not. *See United States v. Chiccini*, No. 18cv15661, 2019 WL 13250093, at *2 (D.N.J. Dec. 13, 2019) (collecting cases). Any refiled motion for service under this statute should address this case law and provide authority for the request for service by publication on unknown heirs.

    THEREFORE, IT IS ORDERED THAT the United States' Motion for Service by Publication, Doc. 13, is denied without prejudice to refiling.

_____
STEVEN C. YARBROUGH
UNITED STATES MAGISTRATE JUDGE