**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO**

UNITED STATES OF AMERICA,

        Plaintiff,

        vs.                                                Civil No. 25-cv-00078-KG/SCY

THE UNKNOWN HEIRS, DEVISEES, OR
LEGATEES OF CLARA MAY DAVES, deceased,
and of LUTHER WAYNE DAVES, deceased;
DARLASKA M. CAMMACK; BRIAN W.
CAMMACK; THE CITY OF ALBUQUERQUE;
and OCCUPANTS WHOSE TRUE
NAMES ARE UNKNOWN, IF ANY,

        Defendants.

**DEFAULT JUDGMENT, DECREE
OF FORECLOSURE AND ORDER OF SALE**

THIS MATTER coming before the Court upon Motion for Default Judgment (Doc. 21) by the United States, appearing by and through its attorneys, Ryan Ellison, United States Attorney for the District of New Mexico, and Stephen R. Kotz, Assistant United States Attorney, Defendants having failed to appear, the Clerk's Entry of Default having been entered on August 8, 2025, Doc. 20, and the Court being fully advised in the premises, FINDS:

    1.    This Court has jurisdiction over the parties and the subject matter of this action.

    2.    A "Transfer on Death" document was executed by the Borrowers and was duly recorded on February 22, 2011, as Document 2011017979, in the records of the County Clerk of Bernalillo County, New Mexico, naming their Daughter Darlaska M. Cammack as Grantee Beneficiary and her husband Brian W. Cammack as Alternate Grantee Beneficiary. Upon death

of the Borrowers, Darlaska Cammack, who is still living, became the owner of the subject property.

3. Service of process of the summons and complaint upon Darlaska M. Cammack and Brian W. Cammack was completed on February 17, 2025. See Proofs of Service, Docs. 5 and 6.

4. Because the property transferred to the new owner, Darlaska M. Cammack, no other heirs, devisees, or legatees of the Borrowers may claim an interest in the property. Therefore, service upon Defendant "Unknown Devisees, or Legatees" is complete.

5. A Disclaimer of Interest by Darlaska M. Cammack and Brian W. Cammack, disclaiming all interest in the subject property, was filed on February 28, 2025. Doc. 10.

6. Service of process upon "Occupants, Whose True Names are Unknown, If Any," was attempted by personal service at the subject property on December 12, 2025, however, the property was abandoned and unoccupied. See Proof of Service, Doc. 7. Therefore, service upon Defendant "Occupants" is complete.

7. Service of Process upon the City of Albuquerque was completed by personal service of the summons and complaint upon the City Clerk for The City of Albuquerque, New Mexico, on February 5, 2025. Doc. 9.

8. No probate action has commenced for an estate of Clara May Daves, Deceased, or Luther Wayne Daves, Deceased.

9. The allegations of the Complaint are sustained by the evidence and are adopted as findings of fact. The Court concludes as a matter of law that the Plaintiff has standing and is entitled to the relief demanded in the Complaint.

10. On or about March 16, 2010, Luther Wayne Daves and Clara May Daves executed and delivered to MetLife Home Loans, a Division of MetLife Bank, N.A., its successors and assigns, a Fixed Rate Note (Home Equity Conversion) ("Note") evidencing a debt, up to a maximum amount of two hundred twenty-five thousand and 00/100 dollars (U.S. $225,000.00), with a fixed interest from the date of the Note at the original Note rate of 5.560% per year.

11. On or about March 16, 2010, Luther Wayne Daves and Clara May Daves executed and delivered to the Secretary of Housing and Urban Development a Fixed Rate Second Note-Closed End (Home Equity Conversion) ("Second Note"), evidencing a debt of two hundred twenty-five thousand and 00/100 dollars (U.S. $225,000.00), with fixed interest from the date of the Note at the original Note rate of 5.560% per year.

12. Simultaneously with the execution and delivery of the Note, and in order to secure the payment of said Note, Luther Wayne Daves and Clara May Daves, executed and delivered to MetLife Home Loans a Fixed Rate Deed of Trust (Home Equity Conversion) (AMortgage@). Said Mortgage was duly recorded on March 24, 2010, as Doc. No. 2010024734, Records of Bernalillo County, New Mexico.

13. Simultaneously with the execution and delivery of the Second Note, and in order to secure the payment of said Note, Luther Wayne Daves and Clara May Daves, executed and delivered to the Secretary of the Department of Housing and Urban Development a Fixed Rate Second Deed of Trust (Home Equity Conversion) (ASecond Mortgage@). Said Mortgage was duly recorded on, March 24, 2010, as Doc. No. 2010024735, Records of Bernalillo County, New Mexico.

14. The Mortgages are valid liens on the following-described real property (AReal Property@) subject only to any outstanding ad valorem taxes and liens recorded pursuant to NMSA ' 3-36-1 et seq.:

> The following described real property situated in the County of Bernalillo, State of New Mexico, to wit:
>
> Lot numbered Three (3) in Block numbered Thirty-eight (38) of Plat of Blocks 37-A, 38, 39 and 40-E, of Dale J. Bellamah's Princess Jeanne Park, an addition to the City of Albuquerque, New Mexico, as the same is shown and designated on said Plat filed in the Office of the County Clerk of Bernalillo County, New Mexico, on August 20, 1959, in Plat Book C4, Folio 135

The property is more commonly known as: Tax Parcel Number: 1 021 058 503 103 41509; 1128 Muriel Street Northeast, Albuquerque, NM 87112.

15. Metlife Home Loans, a Division of Metlife Bank, N.A., conveyed and assigned its interest in the Note and Mortgage to Champion Mortgage Company on August 3, 2012. Said Assignment of Mortgage was recorded in the Records of Bernalillo County, New Mexico, on August 29, 2012, as Doc. 2012088721.

16. Champion Mortgage Company conveyed and assigned its interest in the Note and Mortgage to the Secretary of Housing and Urban Development, an agency of the United States of America on or about February 15, 2017. Said Assignment of Mortgage was recorded in the Records of Bernalillo County, New Mexico, on February 23, 2017, as Doc. No. 2017016896.

17. Under the terms of the mortgage, default occurred when at least one of the borrowers was no longer the principal resident of the property. Luther Wayne Daves died on April 25, 2010, followed by Clara May Daves on August 22, 2022. Therefore, default occurred when Clara May Daves died on August 22, 2022, and Plaintiff is entitled to enforce the Note and Mortgage.

18. After all just credits and offsets are applied on the Note, there remains owing a principal of $94,901.08, plus interest of $124,065.85, plus service charge of $5,190.00, plus MIP of $14,156.86, for a total due of $238,313.79 as of July 12, 2024, plus interest accruing at the

fixed rate of 5.560% for a daily rate of $39.57 from July 12, 2024, to the date of judgment, with interest accruing at the legal rate thereafter until paid, plus the amount of any advances, including ad valorem taxes, costs, expenses, and the United States District Court Clerk filing fee pursuant to 28 U.S.C. ' 2412(a)(2).

19. Said amount is a first and prior lien, subject to any outstanding taxes, on the subject property.

20. The redemption period is one month.

IT IS THEREFORE ORDERED, ADJUDGED and DECREED as follows:

A. The United States of America is granted an *in rem* judgment for principal and accrued interest to July 12, 2024, plus costs totaling $238,313.79, plus interest accruing from July 12, 2024, at the daily rate of $39.57 to the date of judgment, plus interest thereafter at the legal rate until paid, plus the amount of any advances, including ad valorem taxes, costs, expenses, and the United States District Court Clerk filing fee pursuant to 28 U.S.C. ' 2412(a)(2).

B. The United States has a first and prior lien on the Real Property subject to any outstanding taxes and/or liens recorded pursuant to N.M.S.A. § 3-36-1 *et seq.*

C. After due and proper notice setting forth the time and place for sale as provided by law, the United States Marshal is directed to offer the Real Property at public sale and is directed to sell the Real Property to the highest bidder subject to any outstanding taxes and/ or liens recorded pursuant to N.M.S.A. § 3-36-1 *et seq.*

D. The Real Property shall be purchased for cash unless it is purchased by the United States. If it is purchased by the United States, it may credit the amount of principal and interest due it against the purchase price.

   E. After sale, the United States Marshal shall report his actions to this Court, and upon the Court's confirmation of the report, the Marshal shall execute and deliver to the purchasers a good and sufficient deed to the Real Property. Upon delivery of the deed by the Marshal, the purchaser or purchasers shall be allowed immediate possession of the property and shall hold the same free and clear of all right, title, and interest of the defendants and all persons claiming under them subsequent to the execution of the Note and Mortgage, subject to any outstanding taxes and/or liens recorded pursuant to N.M.S.A. § 3-36-1 *et seq.* Defendants or persons claiming under them subsequent to the execution of the Note and Mortgage are barred and estopped from having or claiming any right, title, or interest in and to the Real Property adverse to the purchaser or purchasers.

   F. The proceeds of the sale shall be applied as follows: (1) to payment of the United States Marshal's fees, any costs of this action and disbursements in accordance with the laws and rules of this court; (2) to the payment of the lien of the United States; (3) any remaining funds to be paid to the Clerk of the Court to be disbursed on order of this Court as may be determined subsequently and as this Court shall at that time direct.

   G. The redemption period shall be thirty days from the date of the sale.

SO ORDERED this 3rd day of September, 2025.

               /s/_____
               KENNETH J. GONZALES[1]
               CHIEF UNITED STATES DISTRICT JUDGE

---

[1] Please note that this document has been electronically filed. To verify its authenticity, please refer to the Digital File Stamp on the NEF (Notice of Electronic Filing) accompanying this document. Electronically filed documents can be found on the court's PACER public access system.

Submitted by:

*/s/ Stephen R. Kotz 8/20/25*
STEPHEN R. KOTZ
Assistant U.S. Attorney
201 Third St., NW, Suite 900
Albuquerque, NM 87102
(505) 224-1464
Steve.Kotz@usdoj.gov